

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 21, 1957

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-4

Re: Whether or not, under the
terms of lease agreements, the
lessors of trucking equip-
ment are liable for gross re-
ceipts tax as provided for by
Article 7066b, V.C.S.

Dear Mr. Calvert:

Your letter requesting our opinion in reference to the captioned matter reads in part as follows:

"Sub-Section A of Section 1 of Article 7066b, V.C.S. reads as follows:

"'Each individual, partnership, company, association or corporation doing business as a "motor bus company" as defined in Chapter 270, Acts, Regular Session of the Fortieth Legislature, as amended by the Acts of 1929, First Called Session of the Forty-first Legislature, Chapter 78, or as "motor carrier" or "contract carrier" as defined in Chapter 277, Acts, Regular Session of the Forty-second Legislature, over and by use of the public highways of this State, shall make quarterly on the first day of January, April, July and October of each year, a report to the Comptroller, under oath, of the individual, partnership, company, association, or corporation by its president, treasurer, or secretary, showing the gross amount received from intrastate business done within this State in the payment of charges for transport- ing persons for compensation and any freight or commo- dity for hire, or from other sources of revenue received from intrastate business within this State during the quarter next preceding. Said individual, partnership, company, association, or corporation at the time of mak- ing said report, shall pay to the State Treasurer an occupation tax for the quarter next preceding said date equal to 2.42% of said gross receipts, as shown by said report. Provided, however, carriers of persons or prop- erty who are required to pay an intangible assets tax under the laws of this State, are hereby exempted from the provisions of this Article of this Act.'

"I have contacted a number of truck owners for the tax and have been furnished with copies of Lease Agreements, copies of which Lease Agreements, covering leased commercial vehicles, are on file with the Department of Public Safety in accordance with Article 6701C-1, R.C.S.

"I am enclosing a copy of one of the Lease Agreements between R. F. Moore, L. H. McCelvey and Joe Ferguson of Temple, Texas, lessors and Baldwin-Hill of Trenton, New Jersey, lessee.

"Please advise me whether or not, under the terms of this Lease Agreement, the lessors are liable for the gross receipts tax provided for by Article 7066b, V.C.S. If the lessors are not required to pay the tax, please advise me whether or not the lessee or anyone else is required to pay the tax."

Under the express provisions of Article 7066b, Vernon's Civil Statutes, a gross receipts tax is only levied against those who transport persons or freight for compensation. Anyone who transports himself or his own commodities is not subject to the tax. In doing his own transporting, whether he uses a vehicle that he owns, borrows, leases, or rents is immaterial.

We have carefully examined the lease agreement furnished us, and find that same gives the lessee full control over the leased tractors and trailers; that the operators of the vehicles are to be hired by the lessee and to be under lessee's control. It is our opinion that this lease agreement is valid and, if the parties thereto operate in compliance therewith, no tax will accrue under said Article 7066b.

Of course, if the lease agreement is a subterfuge, and the lessor of the vehicles operates them himself or through his own drivers, then the lessor is liable for the gross receipts tax.

## SUMMARY

Individuals, partnerships, companies, associations or corporations may transport their own commodities by use of leased motor vehicles without subjecting themselves or their lessee to the payment of

the motor carrier gross receipts tax levied by Article 7066b, V.C.S., when the lease agreement provides that the lessee shall have full control over the vehicles and the lessee is to hire the drivers and control them. However, if the lease agreement is is a subterfuge and the lessor retains control over the vehicles or drivers, the tax will accrue against the lessor.

Approved:                               Yours very truly,
  Opinion Committee
  H. Grady Chandler            WILL WILSON
      Chairman                 Attorney General of Texas

By:  W. V. Geppert
      Assistant